**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JUNE 8, 2023

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JUNE 8, 2023

ERIN L. LENNON
SUPREME COURT CLERK

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In re the Personal Restraint of | ) ) ) |
| PATRICK LEE SARGENT, | ) ) |
| Petitioner. | ) ) |
| ——————————————— | ) |
| STATE OF WASHINGTON | ) ) |
| Respondent, | ) |
| v. | ) ) |
| LEONEL GONZALEZ, | ) ) |
| Petitioner. | ) ) |

No. 100552-1
(consol. with No. 100718-3)

En Banc

Filed: June 8, 2023

WHITENER, J.—This case concerns whether bail may be denied under article I, section 20 of the Washington Constitution for defendants charged with a class A felony. More specifically, it concerns whether "offenses punishable by the possibility of life in prison" refers to the statutory maximum of the charged crime in general or the sentence the specific defendant is facing as charged. WASH. CONST. art. I, § 20.

No. 100552-1 (consol. w/ No. 100718-3)

Patrick Sargent was denied bail and is in custody pretrial for charges of attempted murder in the first degree, domestic violence, and felony harassment, domestic violence. As charged, and based on his offender score, Sargent is facing a determinate sentence of about 20-25 years. Sargent appealed, alleging that he is unlawfully restrained because he was unconstitutionally denied bail. He claims that his crimes, as charged, are not punishable by the possibility of life in prison. The Court of Appeals, Division Two, held that article I, section 20 applies to all class A felonies because all class A felonies carry a statutory maximum sentence of life. *See In re Pers. Restraint of Sargent*, 20 Wn. App. 2d 186, 202, 499 P.3d 241 (2021).

In the consolidated case, Leonel Gonzalez was similarly denied bail and is in custody pretrial for charges of felony murder in the first degree and unlawful possession of a firearm. As charged, he is facing about 34-46 years. In denying bail, the trial court relied on *Sargent* and the plain language of article I, section 20, concluding that because Gonzalez is facing a class A felony with a maximum of life in prison, the trial court can constitutionally deny bail. Gonzalez appealed directly to this court.

We affirm the Court of Appeals in Sargent's case and deny Sargent's personal restraint petition (PRP). In addition, we affirm the trial court in Gonzalez's case. We agree with the State and lower courts that the plain language of the constitution focuses on whether the offense in general, not as charged, could possibly be punished

2

by life in prison. With a statutory maximum of life, all class A felonies are punishable by a *possibility* of life in prison. Therefore, because all class A felonies are offenses punishable by a possibility of life in prison, a judge may deny bail under article I, section 20 for defendants charged with class A felonies as long as the other constitutionally required conditions are met. We remand to the trial courts for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

I.   *In re Personal Restraint of Sargent*

The State has charged Sargent with attempted murder in the first degree, domestic violence, and felony harassment, domestic violence, both with a deadly weapon enhancement. At the time of the alleged crime, Sargent was living with his half-sister and her partner. The State alleges that Sargent, while armed with a knife and two hammers, attempted to cause the death of his half-sister's partner. Further, the State alleges that during this assault, Sargent threatened to kill his half-sister.

The State sought the detention of Sargent without bail under article I, section 20 because the crime of attempted murder in the first degree carries a statutory maximum of life in prison under RCW 9.20.021. The State argued that

> [b]ecause the Defendant has demonstrated a propensity for violence that creates a substantial likelihood of danger to the community or any persons, and no condition or combination of conditions will reasonably assure the safety of any other person and the community, the Defendant should be detained without bail pending trial.

No. 100552-1 (consol. w/ No. 100718-3)

Pet. for Writ of Habeas Corpus, Attach. F (State's Mem. in Supp. of Det. Pending Trial) at 2.

Sargent objected to the State's request to detain him without bail, arguing that article I, section 20 does not allow for the denial of bail when, as here, the defendant is facing a determinate sentence of less than life under the Sentencing Reform Act of 1981 (SRA) standard range sentence. Ch. 9.94A RCW. Sargent presented the facts surrounding his potential sentence to the trial court. Under the SRA, murder in the first degree is a crime with a seriousness of XV. RCW 9.94A.515. Anticipatory crimes (such as the attempt in the present case) have a presumptive sentence of 75 percent of the standard range for the appropriate offender score and seriousness level of the crime. RCW 9.94A.595. With an offender score of 0, looking at the SRA sentencing grid and applying the reduction for an attempt, Sargent faces 180-240 months. RCW 9.94A.510. With the deadly weapons enhancement of 60 months, he faces a determinate sentence of 240-300 months (20-25 years). The trial court granted the State's motion to deny bail.

Pursuant to RCW 10.21.040 and RCW 7.36.160, Sargent filed a writ of habeas corpus in the Court of Appeals and moved for expedited review on the issue of whether the court could deny him bail under article I, section 20 when, as charged,

No. 100552-1 (consol. w/ No. 100718-3)

Sargent is not facing a sentence of life in prison.[1] Sargent also moved that the court designate his petition as a writ of habeas corpus and not a PRP. Court of Appeals Commissioner Eric Schmidt denied this motion, reasoning that "the Rules of Appellate Procedure have superseded 'the appellate procedure formerly available for a petition for writ of habeas corpus.'" Notation Ruling, No. 55696-1-II (Wash. Ct. App. May 24, 2021) (quoting RAP 16.3(b)).

The Court of Appeals affirmed the trial court and held that under the plain language of article I, section 20, the "possibility of life in prison" means the statutory maximum of life for class A felonies. *Sargent*, 20 Wn. App. 2d at 194; RCW 9A.20.021(1)(a). In doing so, the court emphasized that "punishable" modifies "offenses" and that class A felonies are offenses that are punishable by statutory maximum of life in prison. *Sargent*, 20 Wn. App. 2d at 198-99. The court specifically rejected Sargent's argument that courts must determine whether the *individual* can be punished with life in prison under the particular circumstances. *Id*. The Court of Appeals also examined the history of the bill in the legislature and the context surrounding the constitutional amendment and concluded that the purpose of the constitutional amendment was to give courts flexibility to deny bail. *Id*. at 201-02.

---

[1] Sargent also appealed the trial court's finding that the State had shown by clear and convincing evidence that he must be held without bail because of a propensity for violence that creates a substantial likelihood of danger to the community and that there are no reasonable conditions to assure safety as is required to withhold bail under article I, section 20. *See* Pet. for Writ of Habeas Corpus at 2; WASH. CONST. art. I, § 20. The Court of Appeals affirmed the trial court, and Sargent did not seek review of that issue in this court.

5

No. 100552-1 (consol. w/ No. 100718-3)

In addition, the Court of Appeals rejected Sargent's argument that the SRA is a "limitation" on the ability of a trial court to deny bail under article I, section 20. *Id.* at 202-03.

Sargent moved for discretionary review in this court. We granted review and consolidated the case with *State v. Gonzalez*, No. 100718-3.

II. *State v. Gonzalez*

The State has charged Gonzalez with murder in the first degree and unlawful possession of a firearm in the first degree. Consistent with the certification for probable cause, the State alleges that Gonzalez approached a parked car in which the driver was sitting with the engine on, shot the driver three times, and drove away in the car. When police arrived at the scene, officers located the victim lying in the parking lot and declared the victim dead. At the time of the alleged murder, Gonzalez had been previously convicted of multiple felonies in Washington and was not allowed to possess a firearm.

The State requested ex parte that under article I, section 20 of the Washington Constitution, Gonzalez be held without bail. The trial court granted the request.

Gonzalez objected to the request for pretrial detention without bail. Gonzalez argued that the court could not detain him without bail because, as charged, his sentence carries a determinate sentence of less than life in prison. He explained that even if he had a "'maxed out'" offender score of 9, under the SRA he is facing 411-

No. 100552-1 (consol. w/ No. 100718-3)

548 months (about 34-46 years), plus a 60-month firearm enhancement for the crime of murder in the first degree (totaling 39-50 years). Clerk's Papers at 16. In addition, he urged the trial court not to follow the Court of Appeals' opinion in *Sargent*.

Relying on the plain language of the constitutional amendment, the trial court concluded that article I, section 20 does allow for denial of bail. In doing so, the court focused on the choice of the word "offenses" instead of "offender." Verbatim Rep. of Proc. at 14-15. The court then explicitly adopted the *Sargent* opinion and concluded that bail may be denied. The court ultimately concluded that there was clear and convincing evidence of a propensity for violence that creates a likelihood of danger to the community and ordered that Gonzalez be detained without bail. Gonzalez appealed directly to this court on the issue of whether the trial court violated article I, section 20 in denying bail. We granted review and retained the case for hearing and decision, consolidating it with *In re Personal Restraint of Sargent*, No. 100552-1.

The same counsel represents Sargent and Gonzalez, and both petitioners make substantially similar (if not identical) arguments on appeal. We therefore at times refer to Sargent and Gonzalez collectively as "Petitioners."

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 100552-1 (consol. w/ No. 100718-3)

ANALYSIS

I.    Article I, Section 20 of the Washington Constitution

Historically, article I, section 20 of the Washington Constitution required bail in all cases except capital cases "when the proof is evident, or the presumption great." WASH. CONST. art. I, § 20 (original text). As we recognized in *State v. Barton*,

> This provision became the focus of attention in 2009, when Maurice Clemmons shot and killed four police officers in Lakewood. Clemmons committed his murders while out on bail for felony charges that could have resulted in life imprisonment. In response to this tragedy, the legislature proposed a constitutional amendment to article I, section 20 that would make bail more difficult to obtain for a person awaiting trial for a crime that would be punishable by life in prison. . . .Voters approved the constitutional amendment on November 2, 2010.

181 Wn.2d 148, 152-53, 331 P.3d 50 (2014).

> Article I, section 20 of the Washington Constitution now reads,

> All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident, or the presumption great. Bail may be denied for offenses punishable by the possibility of life in prison upon a showing by clear and convincing evidence of a propensity for violence that creates a substantial likelihood of danger to the community or any persons, subject to such limitations as shall be determined by the legislature.

At issue in the present case is the interpretation of the phrase "offenses punishable by the possibility of life in prison." *Id*.

This court interprets the meaning of a constitutional provision de novo. *Brown v. State,* 155 Wn.2d 254, 261, 119 P.3d 341 (2005). "'When interpreting a

8

No. 100552-1 (consol. w/ No. 100718-3)

constitutional provision, we seek to ascertain and give effect to the manifest purpose for which it was adopted.'" *Barton*, 181 Wn.2d at 155 (quoting *Westerman v. Cary*, 125 Wn.2d 277, 288, 892 P.2d 1067 (1994)). In doing so, "we look first to the plain language of the text and will accord it its reasonable interpretation." *Wash. Water Jet Workers Ass'n v. Yarbrough*, 151 Wn.2d 470, 477, 90 P.3d 42 (2004). We give the words in the constitutional provision their ordinary meaning at the time of drafting and look to the historical context for guidance. *Id*. "'[I]f a constitutional provision is plain and unambiguous on its face, then no construction or interpretation is necessary or permissible.'" *City of Bothell v. Barnhart*, 172 Wn.2d 223, 229, 257 P.3d 648 (2011) (alteration in original) (quoting *Anderson v. Chapman*, 86 Wn.2d 189, 191, 543 P.2d 229 (1975)).

Petitioners contend that under the plain language of the statute, the court must look to the specific circumstances of the offense as charged when determining whether an offense is punishable by the possibility of life in prison. Accordingly, they contend that under the specific facts, bail cannot be denied in their cases because *as charged* they cannot receive a life sentence under the SRA standard sentencing guidelines and, therefore, there is no possibility of them receiving a life sentence. Suppl. Br. of Pet'r (Sargent)at 12; Br. of Pet'r (Gonzalez) at 14. They argue that there are only four instances in which an offense can actually result in a life sentence,

9

No. 100552-1 (consol. w/ No. 100718-3)

none of which apply in the present cases, and that these instances are the only times

a court may deny bail under article I, section 20:

> (1) an offense which would make the person a persistent offender under RCW 9.94A.570; (2) certain class A sex offenses under RCW 9.94A.507; (3) the crime of aggravated first degree murder; and (4) a class A felony committed prior to the effective date of the SRA in 1984.

Suppl. Br. of Pet'r (Sargent) at 16; Br. of Pet'r (Gonzalez) at 17.

In contrast, the lower courts and the State recognize that under the plain

language of the constitutional provision, the focus is on *offense* in the abstract and

not the *offender* under the specific circumstances of the case. Suppl. Br. of Resp't

(Sargent) at 10; Resp't's Br. (Gonzalez) at 7-8; *Sargent*, 20 Wn. App. 2d at 198-99.

"Punishable by the possibility of life" modifies "offense" not "offense as charged,"

and the provision does not refer to the "offender" nor the specific facts of a case.

Therefore, the plain language of the constitution requires the court to look at the

offense as a whole, not the offense *as charged* and not the specific circumstances of

the case. We agree.

"Possibility" is defined most pertinently as "the character, condition, or fact

of being possible whether theoretically, in general, or under a specified set of

conditions" and as "a particular thing that may take place, eventuate, or be

manipulated to some end." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY

1771 (2002). Applying this definition to the plain language, the constitutional

10

No. 100552-1 (consol. w/ No. 100718-3)

provision reads that there must theoretically be a set of circumstances under which a specific offense could result in the punishment of life in prison.

In holding that all class A felonies are punishable by the possibility of life in prison, the Court of Appeals looked to the statutory maximum under RCW 9A.20.021 and various cases in which Washington courts have held that the maximum allowable punishment is not the high end of the SRA standard range but, rather, the statutory maximum sentence. *See Sargent*, 20 Wn. App. 2d at 195-96 (collecting and discussing cases).

Petitioners criticize the Court of Appeals' emphasis on "possibility of life in prison" as a "term of art" to reference the statutory maximum. Suppl. Br. of Pet'r (Sargent) at 19-20 (quoting *Sargent*, 20 Wn. App. 2d at 195); Br. of Pet'r (Gonzalez) at 21 (quoting *Sargent*, 20 Wn. App. 2d at 198). The Petitioners further argue that because neither of these phrases are in the constitutional text, they should not be read in. Suppl. Br. of Pet'r (Sargent) at 19-20; Br. of Pet'r (Gonzalez) at 21.

We agree with Petitioners that the phrase "possibility of life in prison" is not a term of art, especially when compared to "statutory maximum" and "class A felonies," which are terms of art. Suppl. Br. of Pet'r (Sargent) at 19-20; Br. of Pet'r (Gonzalez) at 21. However, the lower courts did not read the phrases "statutory maximum" and "class A felony" into the provision. The courts looked at the statutory maximum and classifications of the charged crimes to determine whether

11

No. 100552-1 (consol. w/ No. 100718-3)

a sentence of life in prison is possible for a particular class of crimes. The use of the statutes is not to read words into the constitution, instead, it is to determine for which offenses the constitutional provision applies. Categorically, class A felonies have a statutory maximum of life and, therefore, are offenses that are punishable by the possibility of life in prison. The Court of Appeals did not improperly read these terms into the constitution by using them to determine the class of crimes the constitutional text covers.

Petitioners also contend, "If the drafters intended the amendment to simply mean 'class A felonies,' admittedly a term of art, they would have said so." Suppl. Br. of Pet'r (Sargent) at 21; Br. of Pet'r (Gonzalez) at 23-24. However, if the drafters intended that the amendment mean the offense *as charged*, they could have said so as well. In addition, the amendment does not mean that only class A felonies are implicated by the constitutional provision, it means any offense for which a life sentence is possible.

Petitioners also argue that the Court of Appeals' opinion in *Sargent* leads to absurd results in that it is over- and underinclusive because it allows denial of bail for offenders who are not facing life sentences and does not allow for denial of bail for third strike offenders whose third strike is a class B or class C felony.[2] Suppl. Br.

---

[2] Whether article I, section 20 applies to deny bail to third strikes that are not class A felonies is not before the court and, therefore, we do not decide that issue in the present case.

No. 100552-1 (consol. w/ No. 100718-3)

of Pet'r (Sargent) at 27-29; Br. of Pet'r (Gonzalez) at 27-30. The Petitioners misread *Sargent*. *Sargent* does not hold that article I, section 20 applies to only class A felonies but that it does, instead, apply to all class A felonies. *Sargent*, 20 Wn. App. 2d at 194. Both Sargent and Gonzalez are charged with class A felonies, so the holding is applicable in their cases.

To the extent that *Sargent* places such emphasis on the actual phrase of "statutory maximum," it is likely incorrect. However, the core principle from *Sargent* is not that courts read "statutory maximum" into article I, section 20 but, rather, that courts can use the statutory maximum and other statutes to determine whether a life sentence is possible for the offense in determining whether it is constitutional to deny bail.

In addition, all parties direct the court to look at the voters' pamphlet for the year this constitutional amendment was on the ballot. But this court looks to the voters' pamphlet only when there is ambiguity, and Petitioners claim there is none. *See Amalg. Transit Union Loc. 587 v. State*, 142 Wn.2d 183, 205-06, 11 P.3d 762 (2000) ("However, if there is ambiguity in the enactment, the court may examine the statements in the voters pamphlet in order to determine the voters' intent.").

Nonetheless, when reading through the pamphlet, there does appear to be a tension between the voters' pamphlet and the actual text of the provision. The voters' pamphlet's "Rebuttal of Argument Against" this provision reads, "Defendants may

13

No. 100552-1 (consol. w/ No. 100718-3)

be denied bail pending trial only if they are facing life in prison and a judge determines that they pose a clear danger of violence to the community." *State of Washington Voters' Pamphlet, General Election* (Nov. 2, 2010) (*Voters' Pamphlet*) at 52. Neither Sargent nor Gonzalez is facing life in prison as charged. Thus, Petitioners argue that the average voter would have read the applicable text to mean that a judge may deny bail only when the person is facing a life sentence as charged. Suppl. Br. of Pet'r (Sargent) at 16-17; Br. of Pet'r (Gonzalez) at 18.

> However, as part of the explanatory statement, the voters' pamphlet reads,
>
> The proposed constitutional amendment would authorize courts to deny bail in *an additional class of cases*: offenses punishable by the possibility of life in prison where there is a showing by clear and convincing evidence of a propensity for violence that creates a substantial likelihood of danger to the community or any persons.

*Voters' Pamphlet* at 51 (emphasis added). Furthermore, in the "Argument For" section, the text reads, "This proposal broadens the criteria for denying bail to persons charged with crimes potentially punishable by life in prison, when the suspect is truly dangerous." *Id*. at 52. These statements seemingly contradict the rebuttal of argument against and support the idea that the emphasis is on whether the *crime* or *class of cases* is potentially punishable by life in prison, not whether a particular offender is facing life in prison under the SRA. Therefore, even if we were to use the language from the voters' pamphlet, it provides conflicting evidence.

14

No. 100552-1 (consol. w/ No. 100718-3)

Accordingly, it would not change the meaning of the constitutional provision to that which the Petitioners seek.

Overall, the plain language of the constitutional provision focuses on the offense and whether that offense is punishable by the possibility of life in prison. The provision does not indicate that it is the offense *as charged*. Because all class A felonies are offenses punishable by the possibility of life in prison, a court can deny bail for a person charged with those offenses so long as other constitutional requirements are met. Therefore, we affirm the Court of Appeals in Sargent's case and affirm the trial court in Gonzalez's case.[3]

## II. Policy Arguments about Race and Pretrial Detention

In their briefs, Petitioners urge this court to consider racial disparities in pretrial bail decisions, arguing that the trial court and Court of Appeals interpretation of article I, section 20 will worsen this racial inequity. Petitioners rely on the Race and Criminal Justice Task Force's report to this court, among other studies and articles, to show disparate outcomes in bail and release scenarios. *See, e.g.*, RSCH. WORKING GRP., TASK FORCE 2.0, RACE AND WASHINGTON'S CRIMINAL JUSTICE

---

[3] The Court of Appeals in *Sargent* analyzes the historical context surrounding this amendment. While the context provided in *Sargent* is persuasive in coming to our same conclusion, we need not address the historical context in detail when the plain language of the constitutional provision is unambiguous.

No. 100552-1 (consol. w/ No. 100718-3)

System: 2021 Report to the Washington Supreme Court (2021) (Task Force

Report), https://digitalcommons.law.seattleu.edu/korematsu_center/116.

Petitioners are correct that the Task Force Report shows that there are racial

disparities in pretrial detention decisions in Washington. *Id*. at 7. However, as the

State recognizes, "policy arguments against pretrial detention do not justify ignoring

the plain language or meaning of a constitutional provision." Resp't's Br. (Gonzalez)

at 18 (capitalization omitted). Petitioners' policy arguments should have been made

to the electorate when the constitutional amendment was on the ballot. The question

before us is the interpretation of the plain language of the constitutional provision,

and while the disparities are concerning and unacceptable, these policy arguments

are best handled elsewhere. "The wisdom of statutes or of constitutional provisions

is not subject to judicial review." *Anderson*, 86 Wn.2d at 196.

Importantly, this court has relied on articles, statistics, and science when

determining whether a statute or sentencing practice is unconstitutional, but not in

interpreting the plain language of the constitution. *See, e.g.*, *State v. Gregory*, 192

Wn.2d 1, 427 P.3d 621 (2018) (plurality opinion) (finding the death penalty

unconstitutional because of statistics indicating racial disparities in the imposition

of the death penalty). Further, as the State observes, the studies and research

presented by the petitioners "deal with the effect of bail on an entire spectrum of

offenses, rather than with restrictions on bail for serious violent offenders." Resp't's

16

No. 100552-1 (consol. w/ No. 100718-3)

Br. (Gonzalez) at 19. There are materially different concerns for bail determinations for nonviolent misdemeanors versus the serious violent offenses like those charged here. Even if policy considerations were proper, studies about the racial disparities and impacts of general issues related to pretrial detention do little to show any racial disparities within the context of the detention of serious violent offenders accused of committing class A felonies who were denied bail under article I, section 20. Policy considerations and disparate impacts do not dictate the interpretation of the plain language of a constitutional provision and, therefore, we decline to consider them in interpreting the plain language of article I, section 20.

III.    CrR 3.2

Gonzalez also contends that under CrR 3.2 a trial court cannot deny bail except in capital cases. However, Gonzalez does not raise this issue, or even mention CrR 3.2, in his motion for discretionary review or his statement of grounds for direct review. Therefore, we did not grant review of this issue and decline to address it. *See, e.g.*, *Hill & Stout, PLLC v. Mut. of Enumclaw Ins. Co.*, 200 Wn.2d 208, 225 n.7, 515 P.3d 525 (2022) (declining to review issue not adequately raised in the statement of grounds for direct review).

CONCLUSION

We affirm the Court of Appeals' decision denying Sargent's PRP and affirm the trial court's decision to deny bail in Gonzalez's case. Petitioners have both been

No. 100552-1 (consol. w/ No. 100718-3)

charged with class A felonies, which are offenses punishable by the possibility of

life in prison. Therefore, the trial courts were constitutionally permitted to deny bail.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 100552-1 (consol. w/ No. 100718-3)

_____
Whitener, J.

WE CONCUR.

_____
González, C.J.

_____
Stephens, J.

_____
Johnson, J.

_____
Gordon McCloud, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Montoya-Lewis, J.

19